# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30373
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

AZIZI ANSARI,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CR-337-1

Before SMITH, COSTA, and HO, Circuit Judges.
PER CURIAM:[*]

Azizi Ansari, federal prisoner #30027-086, moves to proceed *in forma pauperis* ("IFP") on appeal from the order denying his motion to reconsider the denial of his 18 U.S.C. § 3582(c)(2) motion. Ansari filed the § 3582(c)(2) motion seeking to have his 240-month sentence for conspiracy to possess with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30373

to distribute MDMA (ecstasy) reduced per Amendments 591, 599, and 742 to the Sentencing Guidelines.  The district court denied Ansari's IFP motion on the basis that any appeal would be frivolous.

To proceed IFP, a litigant must show that he is economically eligible and that his appeal is taken in good faith, that is, he will raise a nonfrivolous issue. *Carson v. Polly*, 689 F.2d 562, 586 (5th Cir. 1982).  This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Section 3582(c)(2) permits the district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only if the modification is consistent with the guidelines policy statements.  § 3582(c)(2).  A defendant is eligible for a sentence reduction if the guideline range originally applicable to him has been lowered as a result of an amendment to the Guidelines.  *See* U.S.S.G. § 1B1.10(a)(1).  Because Ansari was sentenced after the effective date of Amendments 591 and 599, he has failed to show that his term of imprisonment was based on a sentencing range that has been subsequently lowered.  Thus, he is not eligible for a  reduction under § 3582(c)(2).  *See* § 1B1.10(a)(1); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  Ansari has abandoned his argument that he is entitled to a reduction based on Amendment 742.  *See Yohey v. Collins*, 985 F.2d 222, 224−25 (5th Cir. 1993).

Accordingly, Ansari has not shown that his proposed appeal raises a nonfrivolous issue.  The request for leave to proceed IFP is therefore DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard,* 707 F.2d at 219-20; 5TH CIR. R. 42.2.